IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| VIRGIL BARCLAY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-00253 |
| | ) | |
| v. | ) | District Judge Cathy Bissoon |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| KAREN SOKOL, LT. SILBAUGH, | ) | |
| | ) | |
| Defendants, | ) | |

# Report and Recommendation

## I. Recommendation

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 2) converted to a Motion for Summary Judge as to the issue of exhaustion (ECF No. 4) be granted for Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

## II. Report

### A. Relevant Background

Plaintiff's Complaint (ECF No. 1-2), originally filed in the Court of Common Pleas of Greene County, was removed to this Court on February 24, 2015. On March 20, 2015, the Defendants filed a Motion to Dismiss (ECF No. 2), alleging that Plaintiff failed to exhaust his administrative remedies as he was required to do pursuant to the Prison Litigation Reform Act and therefore his Complaint should be dismissed. Defendants attached as an exhibit the Declaration of Tracy Shawley (ECF No. 3-1), the Facility Grievance Coordinator for the Pennsylvania Department of Corrections. The Declaration asserts that Plaintiff has filed

1

grievances in the past, and is well aware of the process for doing so, but he did not file grievances that addressed the issues raised in his Complaint, namely his prison job.

On March 23, 2015, the Court ordered that the Motion to Dismiss will be treated as a Motion for Summary Judgment but only with respect to the issue of exhaustion of administrative remedies. (ECF No. 4.) It was ordered that Defendants provide Plaintiff with all incident reports, grievances, disciplinary reports, investigative reports, appeals or other similar documents in its possession concerning the alleged incident raised in the Complaint no later than April 6, 2015. Id. Plaintiff was ordered to file a response to all issues raised in the Motion no later than May 4, 2015. Id. To date, no response has been received.

**B. Discussion**

As a ground for dismissal, Defendants assert that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint. As previously noted, this portion of Defendants' Motion was converted into a Motion for Summary Judgment, to which Plaintiff has not responded.

1. The Exhaustion Requirement

Through the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is required under this provision regardless of the type of relief sought and the type of relief available through administrative procedures. *See* Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, the exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence, including those that involve general circumstances as well as particular episodes. *See* Porter v. Nussle, 524 U.S. 516, 532 (2002). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies prior to filing the action. *See* Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjunctive system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 93 (quoting Porter, 534 U.S. at 525). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83; *see also* Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal courts. *See*, *e.g.*, Booth v. Churner, 206 F.3d 289 (3d Cir. 2000);

Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008); Jetter v. Beard, 183 F. App'x 178 (3d Cir. 2006).

This broad rule favoring full exhaustion admits of one, narrowly defined exception. If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See* Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000) (Section 1997e(a) only requires that prisoners exhaust such administrative remedies "as are available"). However, case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Davis, 49 F. App'x at 368; *see also* Brown v. Croak, 312 F.3d 109, 110 (3d Cir. 2002) (assuming that prisoner with failure to protect claim is entitled to rely on instruction by prison officials to wait for outcome of internal security investigation before filing grievance); Camp, 219 F.3d at 281 (exhaustion requirement met where Office of Professional Responsibility fully examined merits of excessive force claim and correctional officers impeded filing of grievance).

In the absence of competent proof that an inmate was misled by corrections officials, or some other extraordinary circumstances, inmate requests to excuse a failure to exhaust are frequently rebuffed by the courts. Thus, an inmate cannot excuse a failure to timely comply with these grievance procedures by simply claiming that his efforts constituted "substantial compliance" with this statutory exhaustion requirement. Harris, 149 F. App'x at 59. Nor can an

inmate avoid this exhaustion requirement by merely alleging that the Department of Corrections policies were not clearly explained to him. Davis, 49 F. App'x at 368. Thus, an inmate's confusion regarding these grievances procedures does not, standing alone, excuse a failure to exhaust. Casey v. Smith, 71 F. App'x 916 (3d Cir. 2003). Moreover, an inmate cannot cite to alleged staff impediments to grieving a matter as grounds for excusing a failure to exhaust, if it also appears that the prisoner did not pursue a proper grievance once those impediments were removed. Oliver v. Moore, 145 F. App'x 731 (3d Cir. 2005) (failure to exhaust not excused if, after staff allegedly ceased efforts to impede grievance, prisoner failed to follow through on grievance).

No analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirement, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

2. Pennsylvania Department of Corrections Grievance Procedure

Within DC-ADM 804, the Inmate Grievance System Policy, the Pennsylvania Department of Corrections established a three-step Inmate Grievance System to provide inmates with an avenue to seek review of problems that may arise during the course of confinement. Pursuant to DC-ADM 804, after an attempt to resolve any problems informally, an inmate may submit a written grievance to the facility's Grievance Coordinator for initial review. This must occur within fifteen days after the events upon which the claims are based. Within fifteen days of an adverse decision by the Grievance Coordinator, an inmate may then appeal to the Facility

5

Manager of the institution.[1]  Within fifteen days of an adverse decision by the Facility Manager, an inmate may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA").  An appeal to final review cannot be completed unless an inmate complies with all established procedures.  An inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process in order to fully exhaust an issue.  *See* Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process); Ingram v. SCI Camp Hill, No. 08-23, 2010 U.S. Dist. LEXIS 127124, at *21-25 (M.D. Pa. Dec. 1, 2010) (same).

      3.  Plaintiff did not Exhaust his Administrative Remedies

Defendants submit that Plaintiff did not file a single grievance complaining about any of the issues he present in his Complaint.  Tracy Shawley, the Facility Grievance Coordinator at SCI-Greene, where Plaintiff is located, confirms Defendants' claim.  Shawley also declares that Plaintiff did not exhaust any of the grievances that he filed during the time period identified in the Complaint, even though these grievances do not address the issues of which Plaintiff complains.  Although given an opportunity to respond to Defendants' assertions, Plaintiff did not do so.  As such, there is no evidence that Plaintiff did exhaust, or even attempted to exhaust, his administrative remedies prior to filing this lawsuit.  Plaintiff's failure to comply with the requirements of the PLRA requires dismissal of his Complaint.[2]

---

[1]    The policy was last amended on December 1, 2010.  The previous version of the policy only allowed ten working days to appeal an adverse initial review decision to the facility manager.

[2]    Although it is not recommended as a basis for dismissal, the undersigned notes that Plaintiff's allegations do not state a claim upon which relief may be granted.  While Plaintiff's Complaint does not meet the basic pleading requirements required by Federal Rule of Civil Procedure 8, a liberal reading of the Complaint indicates that Plaintiff's potential causes of action stem from the alleged denial of a prison job and discrimination on the basis of race and age as it relates to inmate employment.  However, the Third Circuit has clearly stated that there

### III. Conclusion

For the reasons set forth above, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 2) converted to a Motion for Summary Judge as to the issue of exhaustion (ECF No. 4) be granted for Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

DATED this 28th day of July, 2015.

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

Cc: **VIRGIL BARCLAY**
DM-9109
175 Progress Drive
Waynesburg, PA 15370

---

is no liberty interest in a prison job arising from the Due Process Clause. See James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989). Therefore, Plaintiff's Complaint would likely be subject to dismissal even if he had exhausted his administrative remedies.